# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

TROOPER DONNA JANE WATTS,

      Plaintiff,

v.                               CASE NO.  4:15cv275-RH/CAS

RICHARD J. ARIAS et al.,

      Defendants.

_____/

## ORDER DENYING THE MOTIONS TO DISMISS

In this action the plaintiff, a Florida Highway Patrol trooper, alleges that 16 defendants—all employees of the Florida Department of Highway Safety and Motor Vehicles—unlawfully obtained and used the plaintiff's personal driver's license information, as part of a campaign to harass her.  The plaintiff alleges that the defendants did this to retaliate against her for issuing a citation to a law enforcement officer who recklessly drove 120 miles per hour without a law-enforcement purpose.  The plaintiff asserts a claim under the Driver's Privacy Protection Act ("the Act").  The defendants have moved to dismiss, asserting the

Act does not circumscribe even plainly indefensible acts of troopers and other

DHSMV personnel.  And one defendant has moved to dismiss for improper venue.

I

The Act prohibits a state motor-vehicle department or its personnel from

disclosing personal information—a defined term—from driver's license records,

except for any one of 14 listed purposes.  18 U.S.C. § 2721(a).  The Act creates a

private right of action against a "person who knowingly obtains, discloses or uses

personal information, from a motor vehicle record, for a purpose not permitted"

under the Act.  *Id.* § 2724.

The plaintiff alleges that the 16 defendants willfully obtained her personal

information from the DHSMV driver's license records, used the information, and

did so without a purpose permitted under the Act—indeed, only for the plainly

indefensible purpose of using the plaintiff's home address and telephone

information to harass her.

The defendants say the Act does not restrict disclosures of information

within the DHSMV and that no violation occurred when records were disclosed to

the defendants.  In effect, the defendants say the Act allows anyone who works for

a state motor-vehicle agency to obtain and use personal information for any

purpose, no matter how divorced from official duties and no matter how plainly

improper.  On this view, motor-vehicle employees could use a driver's personal

information to locate and stalk the driver. But a celebrated stalking case is what led Congress to adopt the Act in the first place. It would be extraordinary if indeed the Act provided a stalking loophole for motor-vehicle employees.

The Act does not do this. The Act explicitly says, in terms that could scarcely be more clear, that a civil action lies against a person who "knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" under the Act. That is precisely what the plaintiff alleges the defendants did.

In arguing that the Act does not apply to them, the defendants rely on the Act's statement that "'person' means an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2). If the defendants were state agencies, this would make a difference. But they are not. The defendants are individuals. To be sure, the defendants are employed by a state agency. But even if, when acting within the scope of their employment, state employees could somehow be called "agencies"—a novel construction at best— this would not help the defendants. When they obtained records for use in harassing the plaintiff—if that is what occurred—the defendants were not acting as state employees.

The Act means what it says. If, as the plaintiff alleges, the defendants intentionally obtained and used the plaintiff's personal information for a purpose

not permitted under the Act, the plaintiff will be entitled to recover the relief specified in the Act. Whether that happened as alleged of course cannot be determined on a motion to dismiss.

## II

One of the defendants, Edlyn Rozsa, also asserts the case should be dismissed for improper venue. She says she resides in the Southern District of Florida. She seems to suggest that what matters is only where she resides or where she committed any violation, but that is not correct. So long as a defendant is properly joined, the issue of venue is determined for a claim as a whole, not separately for each defendant.

A defendant may move to dismiss for improper venue with or without submitting evidence in support of the motion. On such a motion, "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (citing *Black v. Acme Markets, Inc.*, 564 F.2d 681, 683 n. 3 (5th Cir.1977)). Ms. Rozsa has submitted no evidence in support of her motion to dismiss, so the complaint's factual allegations must be taken as true.

Under 28 U.S.C. § 1391(b), venue is proper in this district if (1) any defendant resides in this district and all defendants reside in this state, or (2) a substantial part of the events giving rise to the claim occurred in this district. The

complaint alleges that venue is proper because a substantial part of the events

giving rise to the action occurred in this district. The complaint also alleges venue

is proper because the defendants were served in this district in a prior case, but that

might indicate nothing more than that the defendants' employing agency accepted

service to protect the confidentiality of the officers' individual addresses. Perhaps

for the same reason, the summonses in this case apparently were issued to the

defendants at agency addresses in this district. The complaint is silent on where

the defendants actually reside.

The issue is whether the allegation that a substantial part of the events giving

rise to this action occurred in this district is sufficient without further detail. For

purposes of motions to dismiss for failure to state a claim on which relief can be

granted, the Supreme Court has made clear that a plaintiff must allege facts, not

just legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). But there are

substantial differences in what must be pleaded to state a claim, on the one hand,

and what must be alleged to establish venue, on the other hand.

Thus Federal Rule of Civil Procedure 8 requires a complaint to include

allegations "showing that the pleader is entitled to relief," but the rule imposes no

corresponding requirement for venue. There are good grounds for the distinction.

Substantive allegations control the case as it goes forward, while venue allegations

are usually routine and, in most cases, inconsequential.  Further, allegations that
are sufficient to state a claim ordinarily provide the plaintiff a ticket to discovery; a
defendant may challenge the factual allegations only by moving for summary
judgment.  A defendant who challenges venue is not so constrained; the defendant
may submit evidence in support of a motion to dismiss.  It is neither surprising nor
undesirable that a plaintiff often makes only conclusory or cursory venue
allegations—allegations that ordinarily are unchallenged and of no consequence as
the case proceeds.

Ms. Rozsa could have but did not assert in her motion that no defendant
resides in this district.  She could have but did not deny that a substantial part of
the events giving rise to the claim occurred in this district.  Instead, Ms. Rozsa
focused only on a single defendant—herself.  That *she* resides in the Southern
District of Florida or that *her* alleged acts occurred there does not defeat venue.  If
it turns out that the complaint's venue allegation is true—that a substantial part of
the events giving rise to this action occurred in this district—venue will be proper
here.  Ms. Rozsa's motion is insufficient to support dismissal for lack of venue.

III

For these reasons,

IT IS ORDERED:

The motions to dismiss, ECF No. 17 and 18, are denied.

SO ORDERED on October 13, 2015.

s/Robert L. Hinkle
United States District Judge
